Filed 7/2/26  P. v. Amador CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>FRANCISCO VALDEZ AMADOR,<br><br>    Defendant and Appellant. | 2d Crim. No. B345403<br>(Super. Ct. No. 24F-03342)<br>(San Luis Obispo County) |

Appellant Francisco Valdez Amador challenges the validity of his plea, requesting our independent review under *People v. Wende* (1979) 25 Cal.3d 436.

Amador was on parole for one day when he attempted to contact a sex worker and was caught in a sting operation.  Officer Christopher Landin posted an ad online to offer hookup opportunities, posing as a 15-year-old female.  Amador's phone was used to call the advertised number and communicate with Officer Landin via text message.  Amador was told the girls were

15 years old. He agreed to meet up with them for sex in exchange for $200. According to the People, he also texted a photo of his face and another of his penis.

Amador went to a Pismo Beach Motel 6, where police set up surveillance. Officer Landin lured Amador out of the motel room by texting a request that he pick up liquor for the girls. Amador was arrested when he emerged and was found in possession of the phone used. A search of the room turned up $1869 in cash. Amador denied involvement and stated someone else had been using his phone.

The district attorney charged Amador with contact with a minor with intent to commit a sexual offense (Pen. Code[1], § 288.3, subd. (a); count 1) and meeting a minor for lewd purposes (§ 288.4; count 2). The complaint alleged Amador suffered a prior serious or violent felony conviction (§ 667, subd. (d) & (e)). It also alleged all the aggravating factors under California Rules of Court, rule 4.421 (a) and (b).

Pursuant to a plea agreement, Amador pleaded guilty to count two, admitted the strike prior, and the court dismissed count one. Prior to sentencing, Amador moved to withdraw his plea. His motion was denied.

The court sentenced Amador to the low term of two years, doubled to four years for the strike prior. His sentence totaled four years with 280 actual days and 280 conduct credits for a total of 560 days of pre-custody credit. The court ordered Amador to provide saliva and blood specimens pursuant to sections 1524.1 and 1202.1, lifetime registration pursuant to section 290, imposed a restitution fine of $300 under section 1202.4, subdivision (b),

---

[1] Undesignated statutory references are to the Penal Code.

and stayed a probation revocation restitution fine of $300 under section 1202.45.  The court further imposed a $30 criminal conviction assessment under Government Code section 70373 and a $40 court security fee under section 1465.8.  Amador filed a notice of appeal challenging the validity of his plea and a certificate of probable cause was granted.

Appointed counsel filed a brief pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436.  The brief included a declaration stating counsel had written to Amador, explained the brief counsel was filing, and informed him of his right to file a supplemental brief.  On April 24, 2026, we advised Amador by mail that he had 30 days to file a supplemental brief raising any issues he wished us to consider.  We did not receive a response.

We have reviewed the entire record and are satisfied no arguable issue exists.  (*People v. Wende*, *supra*, 25 Cal.3d at pp. 441-443.)  The judgment is affirmed.

NOT TO BE PUBLISHED.

CODY, J.

We concur:

YEGAN, Acting P. J.          BALTODANO, J.

3

Catherine J. Swysen, Judge

Superior Court County of San Luis Obispo

_____


Lise M. Breakey, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.